**BOTNICK, d. b. a. HOUSEHOLD SALES CO., Plaintiff-Appellant, v. PACE, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24246. Decided November 27, 1957.

Blum & Blum, Hyman J. Blum, for plaintiff-appellant.
Betty M. Bunin, for defendant-appellee.

## OPINION

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment for the defendant entered by the Municipal Court of Cleveland on defendant's petition to vacate a default judgment entered against him in the case and to dismiss the action for want of jurisdiction.

The plaintiff filed his petition in the Municipal Court of Cleveland seeking judgment for an alleged debt due for furniture claimed to have been purchased by the defendant. Mail service was had on the defendant at his residence in the City of Cleveland Heights. The tran-

script shows that the petition was filed August 13, 1953; summons returned—mail service—August 14, 1953. Defendant having failed to answer or demur, a default in the pleading was entered on September 9, 1953, and the case was "set for trial on the active list." The transcript further shows that on September 16, 1953, a leave to plead slip was filed by a lawyer allegedly acting for the defendant granting leave to the "plaintiff to file answer by September 26, 1953." The leave slip was signed by Hyman Blum, Attorney for Plaintiff and Albert A. Vito, Attorney for Defendant.

The plaintiff demanded a jury on September 18. On October 19, a letter was received by the Clerk of the Municipal Court from Albert A. Vito withdrawing as attorney for the defendant and on the same day, the transcript shows the following entry: "Case called, plaintiff in court—defendant not; trial had; court finds for and renders judgment in favor of plaintiff in the sum of $2847.10 and costs" which entry was journalized on that day.

On April 6, 1956, the defendant filed a petition to vacate judgment and summons was issued for service on the plaintiff, which summons was served by the bailiff on April 9, 1956, the return, as shown by the transcript, is as follows:

"On April 9, 1956, I served this writ on the within named Lester Botnick, dba. by leaving a true and certified copy thereof with all endorsements thereon at the office and usual place of business with Marvin Neben, Trustee in Bankruptcy."

A second petition to vacate was filed April 13, 1956 (when service was attempted by publication) which petition, in brief, alleged the record of the default judgment, that mail service was shown on the halfsheet; on March 11, 1954, a certificate for a judgment lien was delivered to Marvin Neben, Trustee in Bankruptcy, which he filed for record on the lien docket of the Common Pleas Court of Cuyahoga County. It is further averred that service was attempted to be made on the defendant at his residence in the City of Cleveland Heights, and that, for that reason, the Municipal Court of Cleveland was without jurisdiction of his person and that such judgment was absolutely void. It is also alleged that the plaintiff knew that he never had had any business relations with this defendant and that he, the defendant, did not purchase the goods and was, to his knowledge, not indebted to the plaintiff, and that the judgment was procured on false testimony.

On April 24, 1956, a motion to amend the entry of September 16, 1953, to show that the defendant was given leave to plead, was filed and on May 21, this motion came on for hearing and was overruled by the court. A bill of exceptions was filed on the evidence taken on the motion to correct the record. An appeal to this court was then taken, claiming the overruling of such motion as error. This appeal was dismissed by this court holding that the entry refusing leave to amend the "leave to plead" slip was not a final order. Thereafter, the petition to vacate the judgment was heard. The court granted the prayer of the petition and vacated the judgment and dismissed plaintiff's petition for want of jurisdiction. The court journalized its judgment, its findings of fact and conclusions of law, on June 17, 1957.

The errors complained of are:

"1. The Trial Court abused its discretion when it overruled the plaintiff's motion to amend and correct an entry by nunc pro tunc order.

"2. The Court erred in overruling the plaintiff's motion to amend and correct an entry by nunc pro tunc order.

"3. The Trial Court abused its discretion and erred when it overruled the plaintiff's motion to quash service of summons by publication with reference to the petition to vacate as filed by the defendant.

"4. That the Trial Court erred in vacating the judgment of the plaintiff, and that the Trial Court further erred in dismissing the plaintiff's petition, which is contrary to law and contrary to the weight of the evidence.

"5. That the plaintiff was precluded from having a fair trial for the reason that the Trial Court objected and sustained its own objections during the entire trial, all as referred to in the Bill of Exceptions."

It will be noted that the judgment of the court is supported by evidence which is not contradicted in the record. An examination of the bill of exceptions shows that this defendant testified that he did not know the plaintiff, that he had never dealt with him, and he denied categorically that he ever was indebted to the plaintiff in any amount or that he authorized his brother, "Jerry" Pace, to purchase furniture on his credit. He also testified that he did not know or authorize a lawyer to appear for him or enter his appearance in the case.

The plaintiff did not testify. It is also true that the lawyer who signed the consent to plead slip was not called as a witness so that there is no direct contradiction in the evidence of the defendant's denial of any obligation owing the plaintiff or that a lawyer was either hired or authorized to represent him in defense of the action.

The trial court, in its findings of fact, found:

"On August 13, 1953, the petition was filed and summons were issued in this case. The defendant at that time resided and ever since that time always resided in Cleveland Heights, Ohio. The attempted service was made by mailing him a copy of the petition at his residence in Cleveland Heights, Ohio. The Court further finds that a brother of the defendant, one Jerry Pace, upon learning of the filing of the original action, without authority from the defendant, without his knowledge and consent, has enagaged an attorney, one Albert Vito, to look into this matter. The defendant never met Albert Vito, never engaged him, never did he authorize him directly or indirectly to represent him in the original action. Thereafter the said Albert Vito had contacts with plaintiff's attorney and filed some pass slips in the case without the defendant's authority, consent or knowledge. Subsequently he withdrew from further representing defendant's brother."

From the foregoing record of this case, this court can come to no other conclusion but that the failure to order a correction of the wording in the leave to plead slip, which wording while obviously incorrect, had no part in influencing in any way the final judgment entered for the defendant on his petition to vacate the default judgment or in any way prejudiced the rights of the plaintiff in the trial of this case. The plaintiff was not limited in presenting all the evidence he cared to

offer on the subject of whether or not Attorney Albert A. Vito was or was not authorized to act for the defendant. The court's conclusion that he was not is supported by credible evidence. The other errors claimed are likewise not supported by the record.

The judgment for the defendant, vacating the default judgment against him, and the dismissal of the case for want of jurisdiction, is affirmed. Exceptions noted.

HURD and KOVACHY, JJ, concur.